**Kern v. Bethlehem Steel Co.**

■■■■■■■■■■■■■

*Henry S. Perkin*, for plaintiff.
*Richard E. Santee, Jr.*, for defendant.

GARDNER, *J.*, October 9, 1981—This case came before the court on defendant's motion for order to have plaintiff file proper answers to defendant's interrogatories. The motion was argued July 15, 1981.

For reasons expressed in this opinion, we are granting defendant's motion, in part.

This is a trespass action brought by plaintiff truck driver against defendant company. Plaintiff alleges that defendant's employes improperly loaded steel beams on plaintiff's truck. Plaintiff claims that, as a result, the load shifted while plaintiff was driving. Plaintiff contends that the load jarred the cab position of the vehicle, causing injuries to plaintiff.

Counsel for defendant served 69 interrogatories upon plaintiff. Plaintiff responded to most, but not all, of the interrogatories through answers and supplemental answers filed prior to argument.

At oral argument defendant contended that six of the interrogatories, numbers 6, 8, 9, 10, 31 and 32, were not answered completely, or were not answered at all. It is those interrogatories which are before the court for consideration.

Plaintiff did not object to any of the interrogatories in his answer in accordance with Pa.R.C.P. 4006(a)(2), nor did he apply for a protective order under Pa.R.C.P. 4012.

Pa.R.C.P. 4006(a)(2) provides: "Each interrogatory shall be answered fully and completely unless

objected to, in which event the reasons for the objection shall be stated in lieu of an answer."

Pa.R.C.P. 4019(a)(2) provides: "A failure to act described in subdivision (a)(1) [failure to serve answers or sufficient answers to interrogatories] may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has filed an appropriate objection or has applied for a protective order."

Turning to the specific interrogatories, number 6 reads:

"6. Give the dates when medical assistance was received and the period of confinement or treatment."

Plaintiff's answer to interrogatory number 6 provides:

"St. Luke's Hospital—December 6, 1975
Doctor Willard Kindt—First week after accident
Doctor Sarkissian (sic.)—December 15, 1975 to November 5, 1976.
Doctor James Nelson—October 6, 1976 to January 5, 1977."

Plaintiff's supplemental answer to interrogatory number 6 states:

"6. The plaintiff was not confined to the hospital on an in-patient basis."

Accordingly, we find that plaintiff has adequately answered interrogatory number 6 concerning receipt of out-patient medical assistance at St. Luke's Hospital on December 6, 1975.

However, we find plaintiff's answers concerning assistance rendered by the doctors to be insufficient. Specifically, defendant is entitled to know the number of visits and the specific dates of each visit

to each doctor, rather than merely the period during which those visits occurred: Fetterolf v. Levick, 80 D. & C. 523 (1952).

Under Pa.R.C.P. 4005(c) written interrogatories to an adverse party may relate to any matters which can be inquired into under Rules 4003.1 through 4003.5. Rule 4003.1 defines the scope of discovery generally as "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. . . . " We find the number and date of visits by plaintiff to his doctors to be relevant in this personal injury action, and, accordingly, direct plaintiff to provide that information.

Interrogatory number 8 reads:

"8. State the diagnosis or prognosis given by the persons treating you, setting forth an appropriate portion of any written report made to you or a person acting in your behalf which reflects such diagnosis or prognosis."

Plaintiff's answer to interrogatory number 8 provides:

"concussion
severe bruises
shock to nerves and nervous system."

Defendant concedes that the answer constitutes a diagnosis, but argues that the answer is incomplete because it fails to provide a prognosis or written report.

The identical interrogatory was approved in

Hilgert v. Fish, 8 D. & C. 3d 271 (1978), subject to a limitation not applicable here.*

Accordingly, plaintiff is entitled to a statement of the prognosis given by all persons treating him for injuries related to this litigation, together with appropriate portions of any written reports containing a diagnosis or prognosis.

Interrogatory number 9 reads:

"9. State the nature and extent of any treatment you received, setting forth that portion of the bill or any other written report made to you or a person acting in your behalf which reflects such diagnosis or prognosis."

Plaintiff's answer to interrogatory number 9 provides:

"Heat theropy (sic.)
Brain Scan
X rays"

We find that plaintiff has adequately answered interrogatory number 9 concerning the nature of treatment received. However, we find plaintiff's answer insufficient in failing to set forth the extent of treatment received, including the number and dates of treatment.

---

*Hilgert required plaintiff to provide his doctor's diagnosis, prognosis and medical report, but not any portion secured in anticipation of litigation or in preparation for trial. Pa.R.C.P. 4011(d) which contained those limitations was in effect at the time Hilgert was decided. Thereafter, that rule was rescinded effective 120 days after December 16, 1978. It was replaced by Pa.R.C.P. 4003.3, now in effect, which requires production of such reports and information, even though prepared in anticipation of litigation or trial.

We interpret the interrogatory as requesting portions of bills reflecting such treatments, rather than portions of bills reflecting diagnosis or prognosis. We find plaintiff's answer insufficient in failing to attach such bills. Any objection which plaintiff might have to producing bills in response to interrogatories, rather than through a motion for production of documents under Pa.R.C.P. 4009, is waived by plaintiff's failure to object: Hirsch v. Merzow, 72 D. & C. 2d 736 (1975).

Finally, defendant's request in interrogatory number 9 for written reports reflecting diagnosis or prognosis is identical to the request for such reports made in interrogatory number 8, which has already been disposed of, above.

Interrogatory number 10 reads:

"10. Set forth all charges for medical assistance or services received in connection with the incident alleged in the Complaint as represented by a fully itemized account or bill."

Plaintiff did not answer this interrogatory initially. Plaintiff's supplemental answer to interrogatory number 10 states:

"10. This information will be supplied when it is received by plaintiff's counsel."

Plaintiff's unfulfilled promise to provide the information does not constitute an answer. For the reasons stated above, defendant is entitled to this information concerning damages in a personal injury action, and we, therefore, direct plaintiff to provide the information.

Interrogatory number 31 reads:

"31. Please attach copies of income tax returns for the years 1974, 1975, 1976, 1977, 1978 and 1979, and W-2 forms as well."

Initially, plaintiff did not answer this interroga-

tory, nor attach any materials. Plaintiff's supplemental answer to interrogatory number 31 states:

"31. Plaintiff did not file income tax returns for the period of time from 1975 through 1978. The tax returns for the year 1974 and 1979 will be supplied when received by Plaintiff's counsel."

We find that plaintiff has not adequately answered this portion of the interrogatory concerning tax returns for 1975, 1976, 1977 and 1978. Although plaintiff indicates he did not file returns for those years, he fails to negate the possibility that returns were prepared but not filed for those years. The interrogatory requests copies of returns irrespective whether or not filed.

In addition, plaintiff's promise to provide tax returns for 1974 and 1979, insufficiently responds to a request for their production. Moreover, plaintiff has made no answer or promise concerning W-2 forms for any year.

At argument, defendant's counsel conceded that tax returns and W-2 forms were only relevant and discoverable for the period of plaintiff's alleged wage losses, December 6, 1975 through December 1, 1976. Therefore, our inquiry is limited to whether plaintiff shall be required to produce tax returns and W-2 forms for 1975 and 1976.

Income tax returns are not properly obtained by means of interrogatories. Rather they should be requested by a motion for production of documents under Pa.R.C.P. 4009: Yoffee v. Golin, 45 D. & C. 2d 318, 324, 90 Dauph. 39, 44 (1968). Plaintiff's failure to object at or before the time defendant moved for sanctions, coupled with his agreement to provide part of the information, constitutes a waiver of any objection: Zahler v. Ford Motor Company, 6 D. & C. 3d 79 (1976).

Therefore, we direct plaintiff to provide tax re-

turns and W-2 forms for 1975 and 1976, or to file answers clearly indicating that such returns and forms do not exist.

Interrogatory number 32(a) reads:

"32. Pursuant to Rule 4003.5, set forth: (a) The name, address and telephone number of each expert who will testify on your behalf at trial."

Plaintiff's answer to interrogatory number 32(a) provides:

"Same as answer to paragraph seven (7) above. We reserve the right to call other witnesses, and will notify you of such."

Plaintiff's answer to interrogatory number 7 lists the name and addresses, but not the telephone number, of St. Luke's Hospital, Dr. Willard Kindt, Dr. James Nelson and Dr. Albert Sarkessian.

The interrogatory is proper. Pa.R.C.P. 4003.5(a)(1)(a) permits a party through an interrogatory to require any other party "to identify each person whom the other party expects to call as an expert witness at trial. . . . " Obviously, St. Luke's Hospital is not a "person," nor could it be called as an expert witness. However, plaintiff has provided the names and addresses of three doctors whom he expects to call as expert witnesses, and has, therefore, complied in part with the request.

Whether plaintiff's obligation to "identify" his expert witness requires plaintiff to provide telephone numbers presents an interesting question. However, by failing to object, plaintiff has waived any objection on that point. Accordingly, we direct plaintiff to provide the telephone numbers of Dr. Kindt, Dr. Nelson and Dr. Sarkessian, without reaching the merits of that issue.

Plaintiff's attempt to reserve the right to call "other witnesses" is of no effect. A party need not

identify expert witnesses not presently expected to be called at trial: Pa.R.C.P. 4003.5(a)(3); Philadelphia Electric Company v. Nuclear Energy Liability-Property Insurance Association, 10 D. & C. 3d 340 (1979).

The proper procedure concerning disclosure of experts obtained subsequent to answering interrogatories is outlined in the Explanatory Note—1978 to Pa.R.C.P. 4003.5:

"If a party, in his answer to interrogatories, states that he has not yet retained his experts, he is under a duty to supplement his answer as provided by Rule 4007.4(1). In addition, the inquirer may obtain a stipulation that the party will supplement his response or ask the court for an order under Rule 4007.4(3) requiring the party to file a supplemental response when such experts are retained."

In the absence of agreement between the parties, plaintiff's failure to file formal supplemental answers to interrogatories identifying additional experts may disqualify the additional experts from testifying. See Pa.R.C.P. 4003.5(b).

Interrogatory number 32(b) reads:

"32. Pursuant to Rule 4003.5, set forth: . . . (b) The subject matter on which each expert will so testify."

Plaintiff's answer to interrogatory number 32(b) provides:

"Each witness will testify as to the health of Plaintiff."

Plaintiff's supplemental answer states:

"(b) Each witness will testify as to the health of the Plaintiff, the examination made, treatment offered, diagnosis of his condition and prognosis for recovery."

Pa.R.C.P. 4003.5(a)(1)(a) requires disclosure of "the subject matter on which the expert is expected to testify." We find that plaintiff's supplemental answer adequately provides the subject matter of the experts' testimony, particularly when considered together with the more detailed responses in supplemental answers to interrogatory numbers 32(c) and (d), discussed below.

Interrogatory number 32(c) reads:

"32. Pursuant to Rule 4003.5, set forth: . . . (c) The substance of the facts and opinions to which each expert will so testify."

The question was unanswered in plaintiff's initial answers to interrogatories. Plaintiff's supplemental answer to interrogatory number 32(c) states:

"(c) Dr. Sarkessian will testify that he applied heat treatment therapy and munipulated (sic.) the Plaintiff's back and neck. Doctor Nelson will testify that he did a brain scan and heat treatment. Doctor Kindt will testify that he prescribed pain medication and conducted an examination of the Plaintiff."

The interrogatory is proper. Pa.R.C.P. 4003.5(a)(1)(b) permits a party through an interrogatory to require the opposing party to "state the substance of the facts and opinions to which the expert is expected to testify. . . . "

Concerning Dr. Sarkessian and Dr. Kindt, we find that plaintiff's supplemental answer 32(c) sufficiently provides the substance of the facts to which the doctors will testify concerning treatment offered. Although plaintiff's responses are somewhat devoid of detail concerning treatment, defendant is protected by Pa.R.C.P. 4003.5(c), which precludes plaintiff's expert from giving testimony at trial

which is inconsistent with, or goes beyond, the "fair scope" of the information provided in discovery.

However, we find plaintiff's supplemental answer 32(c) concerning Dr. Sarkessian and Dr. Kindt devoid of the substance of any facts or opinions concerning the health of plaintiff, the examination made, diagnosis or prognosis. Accordingly, we direct plaintiff to provide this information.

Concerning Dr. Nelson, we find that plaintiff's supplemental answer sufficiently provides the substance of the facts to which the doctor will testify concerning the examination made and treatment offered. However, the answer is devoid of the substance of any facts or opinions concerning the health of plaintiff, and the doctor's diagnosis and prognosis. Plaintiff is directed to provide this information.

Interrogatory number 32(d) reads:

"32. Pursuant to Rule 4003.5, set forth: . . . (d) A summary of the grounds for each opinion set forth above by each expert."

The question was unanswered in plaintiff's initial answers to interrogatries. Plaintiff's supplemental answer to interrogatory number 32(d) states:

"(d) The grounds for the opinion of each of the medical witnesses at the time of trial will be based upon the physical examination of the Plaintiff and the facts related by the Plaintiff to the physican (sic.)."

The interrogatory is proper. Pa.R.C.P. 4003.5(a)(1)(b) permits a party through an interrogatory to require the opposing party to state "a summary of the grounds for each opinion." However, because plaintiff failed to state the substance of any opinions in response to interrogatory 32(c),

we cannot evaluate the sufficiency of the summary of the grounds for each opinion in response to interrogatory 32(d). Accordingly, plaintiff is directed to reanswer interrogatory number 32(d) when he provides the substance of each expert's opinion in compliance with our directive concerning interrogatory number 32(c). If defendant still considers the response to 32(d) defective, it can file a motion for sanctions at that time.

Finally, defendant contended at oral argument that plaintiff's supplemental answers to each subsection of interrogatory number 32 are insufficient because they contain neither the signatures of plaintiff's medical experts, nor a medical report signed by the experts. Pa.R.C.P. 4003.5(a)(1)(b) states, in part: "The party answering the interrogatories may file as his answer a report of the expert or have the interrogatories answered by his expert. The answer or separate report shall be signed by the expert."

Plaintiff contends that defendant's interrogatories were filed under Pa.R.C.P. 4005(a) which provides that "written interrogatories [are] to be answered by the party served. . . ." Because the party served, plaintiff, Michael Kern, personally signed the answers to interrogatories, his counsel contends that no additional signatures or reports are required.

It is clear that the Pennsylvania Rules of Civil Procedure establish two distinct types of interrogatories with two distinct signature requirements. Pa.R.C.P. 4005, concerning interrogatories to a party, requires only the signature of "the party served." Pa.R.C.P. 4003.5, concerning "expert interrogatories," requires, in addition to the signature of the party served, the signature of the expert on the answer or on the expert's report.

The initial paragraph of defendant's interrogatories to plaintiff states that the interrogatories are filed "pursuant to Pennsylvania Rules of Civil Procedure No. 4005 and 4006." However, interrogatory number 32 also states that the information sought through that interrogatory is being requested "Pursuant to Rule 4003.5 . . ."

We can find nothing in the rules or in the official explanatory notes precluding a party from combining interrogatories to a party and expert interrogatories in one document. In any event, plaintiff has waived any objection to such procedure by failure to object to interrogatory number 32.

Therefore, we direct plaintiff to obtain the signatures of each of his medical experts to plaintiff's response to interrogatory number 32. In lieu of the signature of a particular doctor to the answer to the interrogatory, plaintiff may provide a medical report signed by the doctor, so long as the report contains all information required by interrogatory number 32 and by this opinion.

## ORDER

Now, October 9, 1981, after argument, upon consideration of the briefs of counsel, and for the reasons set forth in the accompanying opinion, it is ordered that defendant's motion for order to have plaintiff file proper answers to defendant's interrogatories is granted, in part, as more specifically indicated in the within order.

It is further ordered that plaintiff shall, within 20 days of the date of this order, provide defendant with the specific information, materials and signatures, in response to defendant's interrogatories, as follows:

1. In response to interrogatory number 6, the number of visits and the specific date of each visit by plaintiff to Doctor Willard Kindt, Doctor James Nelson and Doctor Sarkessian;

2. In response to interrogatory number 8, a statement of the prognosis given by all persons treating plaintiff;

3. In response to interrogatory number 8, copies of appropriate portions of any written report made to plaintiff or to a person acting in plaintiff's behalf which reflects a diagnosis or prognosis of plaintiff;

4. In response to interrogatory number 9, a statement of the extent of medical treatment received, including the number and dates of treatment;

5. In response to interrogatory number 9, copies of portions of all bills reflecting medical treatments received by plaintiff;

6. In response to interrogatory number 10, a statement of all charges incurred by plaintiff for medical assistance or services received in connection with plaintiff's accident of December 6, 1975, which shall be in the form of either a fully itemized written account, or a copy of a fully itemized bill;

7. In response to interrogatory number 31, copies of plaintiff's Federal, state and local income tax returns and W-2 forms for calendar years 1975 and 1976, or a written answer clearly indicating that such returns and forms do not exist and the reasons such returns and forms do not exist.

8. In response to interrogatory number 32(a), the telephone numbers of Doctor Willard Kindt, Doctor James Nelson and Doctor Sarkessian;

9. In response to interrogatory number 32(c), a statement of the substance of the facts and opinions to which plaintiff's medical expert, Doctor Sarkessian, will testify concerning the health of

plaintiff, any examination made, and diagnosis and prognosis of plaintiff's condition.

10. In response to interrogatory number 32(c), a statement of the substance of the facts and opinions to which plaintiff's medical expert, Doctor Willard Kindt, will testify concerning the health of plaintiff, any examination made, and diagnosis and prognosis of plaintiff's condition.

11. In response to interrogatory number 32(c), a statement of the substance of the facts and opinions to which plaintiff's medical expert, Dr. James Nelson, will testify concerning the health of plaintiff, and diagnosis and prognosis of plaintiff's condition.

12. In response to interrogatory number 32(d), a summary of the grounds for each opinion set forth in response to interrogatory number 32(c) by each of plaintiff's medical experts, Doctor Willard Kindt, Doctor James Nelson, and Doctor Sarkessian.

13. In response to interrogatory number 32, the signatures of Doctor Willard Kindt, Doctor James Nelson and Doctor Sarkessian to their respective portions of the answers to interrogatory 32, or, in lieu of the signature of a particular doctor, a copy of a medical report signed by said doctor, containing all information requested in interrogatory number 32.